Welch, J.,
dissenting: I think the transaction was a loan of money and not a sale of bonds; not, because banks may not buy railroad bonds bearing higher rates of interest than their charters authorize them to take, but because the money here was advanced upon a' guaranty of its repayment.
The policy of our law is to limit interest to fixed rates. An exception to this policy is found in statutes enabling railroad companies to borrow money by a so-called sale of their own bonds at higher than the ordinary rates. I suppose the reason of this exception to be, the difficulty or impossibility of borrowing money at the usual rates for the construction of railroads, arising from the *148 fact that the lender must necessarily look to the road alone for its-repayment. As he takes an extraordinary risk—and, in some degree, takes it for the public benefit—he is allowed an extraordinary rate of interest. If the road fails, he loses all. If it succeeds, he gets a large return. He lends his money to the road, and looks to-its success 'as his only security for ultimate payment.
Rut when the repayment of the money is satisfactorily assured by a guaranty for that purpose, the case is not within the reason-of these statutes. The lender refuses to look to *the bonds-alone, and lends his money upon a promise which purports to make-sure the ultimate payment of the money, even should the bonds prove utterly worthless. Such was the character of this transaction. It was, in my judgment, a loan of money at ten per cent, by a bank authorized to take but seven, and was, therefore, unauthorized and void; and for that reason, I hold, the judgment should be-affirmed.